IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-147-RJC-DCK

| MOVEMENT MORTGAGE, LLC, et al., | ) |
|---|---|
| Plaintiffs, | ) |
| v. | ) ORDER |
| INTERCONTINENTAL CAPITAL GROUP, INC., | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Intercontinental Capital Group, Inc.'s Motion For Leave To Take Early Written Discovery" (Document No. 23) filed July 21, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

## BACKGROUND

Plaintiffs – including both the individual Plaintiffs named in the "Complaint For Declaratory Relief" and Movement Mortgage, LLC ("Movement") – filed suit against Defendant Intercontinental Capital Group, Inc. ("Defendant" or "Intercontinental") on April 6, 2022. See (Document No. 1, p. 2). The individual Plaintiffs are former employees of Intercontinental. Id.

The factual context for the dispute arises out of a failed negotiation between Movement and Intercontinental for Movement to purchase Intercontinental's direct-to-consumer mortgage lending business. See id. Movement and the individual Plaintiffs allege that negotiations started in November 2021; by the end of December 2021, "business conditions at [Intercontinental] had rapidly deteriorated" such that the company was forced "to lay off approximately half of its

employees and to shutter most of its offices besides its Charlotte, North Carolina branch." Id. at p. 6.  Accordingly, the Complaint contends, "[m]any of the remaining employees had begun searching for new employment and many left [Intercontinental] in search of greener pastures during this time period." Id.

A few months later, "[i]n mid-February 2022…[Intercontinental] informed Movement that the deal discussions were concluded and that [Intercontinental] would not be moving forward." Id. at p. 7.  Thereafter, "a number of [Intercontinental's] employees decided to leave and were ultimately hired by Movement." Id.  Intercontinental, on the other hand, tells the story differently. In its view, the former Intercontinental employees' departure from Intercontinental and transition to Movement was an "unlawful scheme" by Movement to "coordinate with Brooks ([Intercontinental]'s former Chief Marketing Officer) and Drexler (former Branch Manager of [Intercontinental]'s consumer direct branch in Charlotte, North Carolina) to solicit and induce over 100 employees from [Intercontinental]'s profitable consumer direct mortgage lending division to resign…*en masse* and defect to Movement." (Document No. 23, p. 2).  Intercontinental further contends that this "mass exodus and theft of confidential information destroyed [Intercontinental]'s consumer direct business." Id.  According to Intercontinental, "Movement and its agents made knowingly false statements to [Intercontinental]'s former employees that they would lose their jobs if they remained employed at [Intercontinental]." Id.

Movement and the individual Plaintiffs contend that "ICG sent a letter [on March 28 and 29] to each Plaintiff unequivocally stating that [Intercontinental] will be filing suit against each of them" for (among other things) breach of their employment agreements.  (Document No. 1, p. 8). This lawsuit (preemptively, it seems, by Movement and the individual Plaintiffs) followed just days later.  See id.

2

The Complaint contains one cause of action for declaratory relief against Intercontinental – essentially, seeking declaratory relief from the Court which would declare the forum selection clause in the individual Plaintiffs' employment agreements void and unenforceable "to the extent those provisions require or permit any litigation against the Plaintiffs to occur in any forum outside of North Carolina." (Document No. 1, pp. 9-10). The effect of such relief would be that any litigation that Intercontinental initiated against Plaintiffs would need to be brought in North Carolina courts.

On May 3, 2022, Intercontinental filed "Intercontinental Capital Group, Inc.'s Answer, Affirmative Defenses, And Counterclaim" (Document No. 5). Intercontinental alleged six counterclaims: (1) for breach of contract against Movement; (2) for breach of contract against Matt Drexler ("Drexler"); (3) for tortious interference with contract against Movement; (4) for breach of fiduciary duty against Laura Ashley Brooks ("Brooks"); (5) for breach of fiduciary duty against Drexler; and (6) for unfair and deceptive trade practices against Movement. See id. at pp. 35-43.

On June 10, 2022, Movement filed "Movement Mortgage, LLC's Answer, Defenses, And Affirmative Defenses To Intercontinental Capital Group, Inc.'s Counterclaim" (Document No. 18). That same day, Plaintiffs and Counterclaim Defendants Drexler and Brooks filed "Matt Drexler And Laura Ashley Brooks' Motion To Dismiss" (Document No. 19) seeking to dismiss the breach of fiduciary duty claims against both Brooks and Drexler.

On July 21, 2022, Intercontinental filed "Intercontinental Capital Group, Inc.'s Motion For Leave To Take Early Written Discovery" (Document No. 23). Movement filed its "Response In Opposition To Intercontinental Capital Group, Inc.'s Motion For Leave To Take Early Written Discovery" (Document No. 24) on August 4, 2022. Intercontinental filed "Intercontinental Capital

Group, Inc.'s Reply In Support Of Its Motion For Leave To Take Early Written Discovery" (Document No. 25) on August 11, 2022.

By the instant motion, Intercontinental Capital Group, Inc. ("Counterclaim Plaintiff" or "Intercontinental") seeks "leave to take early written discovery regarding its Counterclaims against Counter-Defendant Movement Mortgage, LLC." (Document No. 23, p. 1). Intercontinental goes on to specify that it "requests leave to serve requests for production, interrogatories, and requests for admission on Plaintiffs following an Initial Attorneys' Conference, as well as subpoenas for documents on certain third-parties with relevant information" regarding the counterclaims alleged against Movement Mortgage, LLC ("Counterclaim Defendant" or "Movement"). Id. at p. 1, n.1. The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Under Local Civil Rule 16.1(f), "[c]ourt-enforceable discovery does not commence until issues have joined and a Scheduling Order has been entered." Joinder of the issues occurs, under the Local Rules, "when the *final* answer to a complaint, third-party complaint, or crossclaim or the final reply to a counterclaim has been filed, or the time for doing so has expired." LCvR 16.1(d) (emphasis added). But, "[w]here Rule 12 motions are filed and brief, issues will not join until the Court resolves such motions." Id.

Generally, early discovery is not permitted unless certain specific reasons for exception apply. See Sealy v. Fulcher's Red Fox Stables, LLC, 2021 WL 9567196, at * (W.D.N.C. Dec. 6, 2021) ("[i]n general, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) *except*…") (emphasis added) (citing Fed.R.Civ.P. 26(d)(1); Local Civil Rule 16.1(f)). "[C]ourts…have frequently treated the question whether to authorize early discovery as governed by a good cause standard." Allen v. City of Graham, 2021 WL

4

2037983, at * (M.D.N.C. May 21, 2021) (internal quotations and citations omitted). Under the good cause or reasonableness standard, "[s]peculation [regarding 'destruction or deletion of relevant evidence'] is not sufficient to show good cause under Rule 16.1." Performance Sales & Marketing, LLC v. Lowe's Companies, Inc., 2009 WL 4730302, at *1 (W.D.N.C. Dec. 4, 2009). One factor that would point in favor of granting a motion for early discovery is where a movant makes a showing of "a likelihood of irreparable harm without access to expedited discovery." Teamworks Innovations, Inc. v. Starbucks Corp., 2020 WL 406360, at *3 (M.D.N.C. Jan. 24, 2020) (internal quotations and citations omitted). Further, one factor that would point against granting a motion for early discovery is where a request for early discovery is "overbroad." Id. at *4.

## DISCUSSION

Intercontinental offers two arguments in support of its motion for early discovery. Its first argument is that the counterclaims against Movement "will proceed to discovery regardless of the Court's ultimate resolution of Brooks' and Drexler's Motion to Dismiss, and that Motion will have no impact on the scope of discovery regarding [Intercontinental]'s Counterclaims against Movement." (Document No. 23, p. 3). The second argument that Intercontinental makes is that "there is a significant risk that key evidence—namely, critical and highly relevant text messages or other electronically stored information—will be lost or deleted." Id. at pp. 3-4.

Movement argues in response that Intercontinental "has not established good cause to justify its proposal and overcome the presumption that discovery does not begin until the motion to dismiss is resolved." (Document No. 24, p. 2). Movement also contends that allowing early discovery with regard to Intercontinental's counterclaims against Movement would require "holding two separate initial attorneys' conferences…[and] will create at least two separate

discovery plans in a single case with distinct and potentially conflicting schedules and limitations." Id. Such an outcome, Movement contends, "would require duplication of efforts by the parties and would overcomplicate the discovery process." Id. Third, Movement argues that there is "no compelling basis" for early discovery because Intercontinental "will not be prejudiced if its request is denied." Id.

The undersigned agrees with Movement that Intercontinental has not met its burden under the good cause standard to show why early discovery on Intercontinental's counterclaims against Movement is necessary or reasonable at this stage. As Movement points out, permitting early discovery at this stage on some, but not all of, Intercontinental's counterclaims would result in a "piecemeal and disjointed" process that might require repetition of effort once discovery proceeds on the remaining counterclaims against Brooks and Drexler. Id. at p. 8. The efficiency of keeping discovery on one timeline for all counterclaims is most sensible in this case, particularly where Brooks and Drexler's "…Motion To Dismiss," if granted, would be wholly dispositive as to Intercontinental's counterclaims against Brooks. See (Document No. 19). Requiring the parties to proceed along separate timelines for various counterclaims is inefficient.

Furthermore, Intercontinental is misguided when it suggests "Movement cites no authority for its argument that such a showing [of a particularized risk of loss or destruction of evidence] is required at this stage." (Document No. 25, p. 6, n.4). In contrast to Intercontinental's argument, the good cause standard's existence plainly suggests that there must be a showing of need or some kind of likelihood of irreparable harm. See Teamworks Innovations, Inc., 2020 WL 406360, at *3. Although Intercontinental states that "the risk of loss or destruction of evidence…is readily apparent," it simultaneously fails to identify any one of the "nearly 50 individual Plaintiffs and other individual third parties whose personal devices will be relevant" who have engaged in

6

destruction or threatened destruction of relevant electronic evidence. Id. In a case from this district, a motion for early discovery was denied where the movant could not identify "any third parties who they believe are engaged in destruction or deletion of relevant evidence" because "[s]peculation is not sufficient to show good cause under Rule 16.1." Performance Sales & Marketing, LLC, 2009 WL 4730302, at *1. The fact that the parties are subject to a litigation hold cuts strongly against Intercontinental's argument on this point. See (Document No. 24, p. 6) ("[t]he parties have a pre-existing duty to preserve documents and data which was triggered when they were put on notice of a potential lawsuit (including upon receipt of the hold notices that [Intercontinental] expressly states in its Motion that it distributed…)").

On account of Intercontinental having failed to satisfy its burden under the good cause standard to show why early discovery is necessary, and due to the fact that the issues have not yet joined on account of the pending motion to dismiss and not all defendants having filed an answer under Local Civil Rule 16.1(d), the undersigned concludes that the motion for early discovery should be denied.

**IT IS, THEREFORE, ORDERED** that "Intercontinental Capital Group, Inc.'s Motion For Leave To Take Early Written Discovery" (Document No. 23) is **DENIED**.

**SO ORDERED**.

Signed: December 8, 2022

David C. Keesler
United States Magistrate Judge