IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-cv-00147-RJC-DCK

| | |
|---|---|
| MOVEMENT MORTGAGE, LLC, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )     **ORDER**<br>) |
| INTERCONTINENTAL CAPITAL GROUP, INC., | )<br>)<br>) |
| Defendant. | )<br>)<br>) |
| INTERCONTINENTAL CAPITAL GROUP, INC., | )<br>)<br>) |
| Counterclaim Plaintiff, | )<br>) |
| v. | )<br>) |
| MOVEMENT MORTGAGE, LLC, MATT DREXLER, and LAURA ASHLEY BROOKS, | )<br>)<br>) |
| Counterclaim Defendants. | )<br>)<br>) |

    **THIS MATTER** is before the Court on Certain Individual Plaintiffs' Motion for Voluntary Dismissal Without Prejudice,[1] (Doc. No. 38), and the Magistrate

---

[1] Certain Individual Plaintiffs include: Isaac Alexander, David Anderson, Michael Arrowood, Melanie Blake, Breanna Bryce, Chris Chang, Zack Choate, Malik Constantine, Coties Cuthbertson, Mariano Doble, Elijah Fincher, Daniel Formeck, Dana French, Alex Furtado, Justin Griggs, Joshua Hefferman, Natalie Hitselberger, Carter Jones, Dallas Joyce, Josh Katz, Kevin Lowther, Jack Lutz, Matt McCallan, Kyle Nachtergaele, Daniel Nuckolls, Makenna Orlando, Joseph Perez, Joey Philyaw, Tyler Provance, Brandon Queen, Brian Ranson, Eric Ricono, Jendy Rodriguez, Brandon Rose, David Schweit, Kevin Shannon,

1

Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 73), recommending that this Court grant the motion subject to limited conditions. The parties have not filed objections to the M&R, and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear

---

Christian Simmons, Andrew Smith, Ryan Spanich, Preston Spence, Cordelia Starnes, David Stelz, Amber-Lynn Stinson, Dan Toth, Christopher Trotta, and Justin Wiesert. (Doc. No. 38).

error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

III. **DISCUSSION**

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record, and having done so, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 73), is **ADOPTED**;
2. Certain Individual Plaintiffs' Motion for Voluntary Dismissal Without Prejudice, (Doc. No. 38), is **GRANTED** subject to limited conditions;
3. Specifically, Certain Individual Plaintiffs shall respond to the IGC's RFPs as follows:

3

a. All Certain Individual Plaintiffs shall provide documents sufficient to show the personal email address, personal cell phone numbers, or other personal devices or personal contact information at which Movement communicated with each Certain Individual Plaintiff; or confirm in writing that they did not receive any communication from Movement. *See* (Doc. No. 40-2, First RFP at 20, ¶ 22). Certain Individual Plaintiffs may redact any allegedly privileged information included with such documents.

b. All Certain Individual Plaintiffs shall provide written confirmation as to whether they retained any computer(s) issued or provided by ICG in connection with their employment with ICG, after leaving the employment of ICG; and if so, confirm whether such computer(s) have been returned to ICG. *See* (Doc. No. 40-3, Second RFP at 7, ¶ 1). Any such ICG computer(s) still in the possession of Certain Individual Plaintiffs shall be promptly returned, unless otherwise agreed by the parties.

c. In addition, remaining parties in this action shall meet and confer regarding the status of discovery and file proposed revised case deadlines within two (2) weeks.

Signed: March 29, 2024

Robert J. Conrad, Jr.
United States District Judge